JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO PEREZ ALCALA,<br><br>                    Petitioner,<br><br>         v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | Case No. 5:22-00527 JFW (ADS)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION |

I.   **INTRODUCTION**

On March 25, 2022, Petitioner Eduardo Perez Alcala, proceeding pro se, filed a Motion to Dismiss Immigration Detainer, which the Court construes as a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 ("Section 2241"). (Dkt. No. 1.) An individual may only seek federal habeas relief if the person is "in custody under or by color of the authority of the United States" or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). The "in custody" requirement is a jurisdictional prerequisite to habeas review. See Wilson v.

Belleque, 554 F.3d 816, 821 (9th Cir. 2009).  For the reasons set forth below, the Petition is DISMISSED for lack of jurisdiction.

## II. BACKGROUND

Petitioner is currently housed at the Federal Correctional Institution in Victorville, California.  According to the Petition, on June 17, 2017, the Department of Homeland Security ("DHS") placed an immigration detainer on Petitioner.  (Id. at 5.)  The immigration detainer states that DHS has probable cause that Petitioner is a removable alien based on "[a] final order of removal against the alien."  (Id.)  Petitioner argues that deportation would create a hardship on his family and that he is eligible for a waiver of removal.  (Id. at 2.)  Petitioner asks the Court to "qualify him as non-removable by dismissing the detainer placed on him."  (Id. (cleaned up).)

## III. DISCUSSION

The Petition is summarily dismissed because the Court lacks jurisdiction.  An immigration detainer is "a request to a law enforcement agency or prison to notify DHS before it releases an alien upon completion of his criminal sentence so that DHS may take custody of the alien for removal proceedings."  Nunez v. United States, No. CV 21-07944-PA (DFM), 2021 WL 5169287, at *1 (C.D. Cal. Oct. 19, 2021) (citing 8 C.F.R. § 287.7).  Pursuant to 8 U.S.C. § 1252(g), federal courts lack jurisdiction to extend habeas review under Section 2241 to "'any cause or claim by or on behalf of any alien arising from the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien.'"  Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 478 (1999); see Sayadeth v. Apker, No. 1:16-cv-01460-JLT (HC), 2016 WL 8731393, at *3 (E.D. Cal. Oct. 7, 2016) ("Title 8 U.S.C. § 1252 allows only very limited judicial review of ICE orders and decisions.").  Here, Petitioner's immigration

detainer states that it is based on an order of removal and, therefore, it is an action to execute a removal order.[1] (Dkt. No. 1 at 5.) As such, the Petition should be dismissed for lack of jurisdiction pursuant to 8 U.S.C. § 1252(g).

To the extent Petitioner requests adjudication of the merits of his removal order or his qualification for a waiver, the Court similarly lacks jurisdiction. The Petition discusses Petitioner's eligibility for a waiver of removability, attaches letters from his family members, and asks the Court to "qualify him[] as non-removable." (Id. at 2.) However, the "REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." See Nasrallah v. Barr, 140 S. Ct. 1683, 1690 (2020). This Court is precluded by federal law from adjudicating the merits of Petitioner's removal order.

Accordingly, the Petition is dismissed.

**IT IS SO ORDERED**.

Dated: April 18, 2022

_____
THE HONORABLE JOHN F. WALTER
United States District Judge

Presented by:

   /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

---

[1] The Petition's attachments reflect that Petitioner is subject to an order of removal, (Dkt. No. 1 at 5), and therefore, likely meets the "in custody" requirement for habeas review. See Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995) ("so long as he is subject to a final order of deportation, an alien is deemed to be 'in custody'").